UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20864-CR-SCOLA
15 U.S.C. § 1

UNITED STATES OF AMERICA

                Plaintiff,

v.

FLORIDA WEST INTERNATIONAL AIRWAYS, INC.,

                Defendant.
_____/

**GOVERNMENT'S MOTION FOR CLARIFICATION ON PENDING MATTERS RELATED TO THE DEFENDANT'S MOTION TO ENTER A *NOLO CONTENDERE* PLEA**

As directed by the Court's law clerk, the government respectfully files this request for clarification on issues related to the pending motion of defendant Florida West International Airways ("Florida West") to enter a *nolo contendere* plea and to ensure the completeness of the record in this case. Three matters are highlighted for the Court's consideration:

First, for the completeness of the record, the government respectfully requests, if the *nolo* plea is permitted by the Court, that the Court identify the relevant factors it applied in deciding the motion and how each factor applied to the facts in this case. The government cited five factors from antitrust cases and the defense cited five factors primarily from a fraud case related to the failure to collect and remit payroll taxes. (D.E. 250, at 7-15; D.E. 249, at 5-7). Given the government's specific concerns about the impact this plea may have on its unique program for criminal antitrust enforcement – its Corporate Leniency Program -- an articulation by the Court of the basis of its decision will be helpful, including to what extent it relies upon the claim that Rodrigo Hidalgo was a "secret employee" of LAN Cargo.

Second, the government requests that Florida West provide full, complete, and updated information concerning Florida West's financial condition. Requested records remain outstanding and many key questions remain unanswered.

As the government noted at the hearing on June 1, 2012, obtaining accurate and meaningful information concerning the financial condition of Florida West has been difficult.[1] This pattern has continued even after the Court's Orders at the hearing and afterwards. (D.E. 261) While Florida West has provided a number of documents, additional necessary information and other requested follow-up records have not been provided. When questions have been asked to clarify the information provided, the government simply has been told to review the records rather than being given complete and clear answers from the Defendant. A number of key questions remain unanswered despite several requests for information. It is unclear to the government how the Court and probation will be able to review and draw meaningful conclusions about the Defendant's financial condition from these same records, unless additional information is provided.

Material questions about Florida West's financial condition remain unresolved.[2] Based on the information received thus far, there are a number of irregularities and questions arising from Florida West's financial records and future projections that call into question their

---

[1] The information ordered by the Court at the hearing on June 1, 2012 is included as Exhibit 1.

[2] The Court previously noted the importance of determining the defendant's financial condition, which Florida West made a central component in its motion for a change of plea, before ruling on the motion to enter a *nolo contendere* plea, consistent with settled practice. (D.E. 261); *see also* Benchbook for U.S. District Court Judges, § 2.02(A)(4), at 83 (5th ed. Sept. 2007) ("Before accepting a plea of guilty or *nolo contendere* from the representative of an organization, the court should be satisfied that … the organization is financially able to pay a substantial fine that could be imposed by the court for the charge involved in the plea of guilty or *nolo contendere*."). The parties have disputed the financial condition of Florida West in the Joint Report. (D.E. 263). For the Court's convenience, a copy of Benchbook for U.S. District Court Judges, § 2.02 (5th ed. Sept. 2007) is attached as Exhibit 2. The updated financial record will also be important for sentencing purposes, as the Court previously noted. *See* Order (June 4, 2012) ("Florida West must provide adequate financial documentation to the Government so that the Government can adequately evaluate the financial condition of Florida West for purposes of sentencing.") (D.E. 261)

reliability. As one example, there is a pattern of overstating expenses, which has the effect of understating net income. A significant part of this relates to one large liability, a Mexican Overflight Assessment. On June 12, 2012, the government learned that this penalty, which Florida West initially booked as a $1.08 million liability and now exceeds $1.4 million, has actually been reimbursed by about two-thirds for each monthly payment over the last year by a customer on these flights. The import of this is quite simple in terms of evaluating the Defendant's financial condition: Florida West has significantly understated its net income in the records provided, often with the effect of making it appear to be operating at a loss when in fact the company has been profitable. This same pattern has been discovered with other adjustments.

Given these identified issues, at minimum, probation and the government will need to obtain current and updated financial records in advance of any sentencing hearing, and sufficient time will be required to review them. Updated information requested in Exhibit 1 will be required with sufficient time to review it. These matters should be clarified before any change of plea hearing, given the importance the Court has already noted understanding the financial records is to the process.

Third, in taking a corporate plea, the Benchbook for U.S. District Court Judges, which the defense urged the Court to follow in this case,[3] states: "Before accepting a plea of guilty or *nolo contendere* from the representative of an organization, the court should be satisfied that the person appearing before the court is an officer or authorized employee of the organization." Benchbook for U.S. District Court Judges, § 2.02(A)(1), at 83 (5th ed. Sept. 2007). Based on the Benchbook, this precondition has yet to be satisfied. The general practice in the Southern

---

[3] At the hearing on June 1, 2012, Florida West urged the Court to comply with the Benchbook, *see* Hearing Transcript, at 12-13 (June 1, 2012) (D.E. 262), yet fails to satisfy this plea hearing standard set forth in § 2.02(A)(1). The government is further advised that the practice by other Courts in the Southern District of Florida is consistent with the Benchbook.

District of Florida is for an officer or authorized employee of the corporation to appear at the hearing, or at minimum confirm the factual basis. In fact, at the hearing on June 1, 2012, the Court correctly expressed skepticism that a corporate representative could not appear at a change of plea hearing. Hearing Transcript, at 5-7 (June 1, 2012) (D.E. 262).

In the primary case relied upon by the Defendant, the Court actually "required acknowledgment from the Corporate Defendants and their attorney that the Government could establish by competent evidence the facts included in the Government's statement. Finally, the Court required acknowledgment from the defendant and defense counsel that those facts, if believed by a jury, could result in a conviction." *United States v. AEM, Inc.*, 718 F. Supp. 2d 1334, 1338 (M.D. Fla. 2010). Here, the corporate resolution that authorizes counsel to appear on behalf of Florida West for purposes of a plea was filed *before* the factual basis included in the Joint Report, and there is no confirmation that the defendant corporation has acknowledged the facts, and that those facts are sufficient to prove it violated Section One of the Sherman Act. (D.E. 269) In fact, a review of the record shows that no individual on behalf of the corporate defendant has made any appearance in this case to date, despite its CEO's attendance at various hearings in the case. At minimum, Florida West should be consistent with the Benchbook and *AEM* case that it urges the Court to follow.

Given the importance of the plea hearing requirements under Fed. R. Crim. P. 11, when an authorized corporate officer or employee is present at the hearing, these and any other questions that may arise under Rule 11 may be considered, without further delay. Questions about what transpired and about the plea hearing process should not be subject to later challenge. At minimum, we urge that the Court follow the authorities that the defense has cited, including the Benchbook standard.

Respectfully, the government appreciates the opportunity afforded by the Court to raise these matters. Resolution of these issues will also help to ensure a complete record in this case.[4]

Dated: July 17, 2012

                                            Respectfully submitted,

                                              /s/
                                        MARK L. KROTOSKI (Special Bar No. A5501681)
                                        NANCY H. MCMILLEN (Special Bar No. A5501548)
                                        CARSTEN M. REICHEL (Special Bar No. A5501549)
                                        Nancy.McMillen@usdoj.gov
                                        U.S. Department of Justice, Antitrust Division
                                        450 Fifth Street, N.W., Suite 11300
                                        Washington, DC 20530
                                        Telephone: (202) 307-6694
                                        Facsimile:  (202) 514-6525

---

[4] For the completeness of the record, the government includes the exhibits offered at the hearing on June 1, 2012. Hearing Exhibits 1, 2, and 3 were previously filed with the Court. (D.E. 255) (filed under seal). Attached Exhibit 3 contains the following exhibits from the hearing on June 1st:

- Hearing Exhibit 4 (Florida West October 2005 Price-Fixing Conspiracy)
- Hearing Exhibit 5 (Department of Justice Model Leniency Letter)
- Hearing Exhibit 6 (Department of Justice Corporate Leniency Program)
- Hearing Exhibit 7 (Frequently Asked Questions Regarding The Antitrust Leniency Program and Model Letters)
- Hearing Exhibit 8 (Individual Judgment in *United States v. AEM, Inc. et al.* (*United States v. Frank L. Amodeo*, Case No. 6:08-CR-176-ORL-28KRS) (MDFL))
- Hearing Exhibit 9 (Corporate Judgments in *United States v. AEM, Inc. et al.* (*United States v. AEM, Inc.*, Case No. 6:08-CR-231-ORL-28KRS) (MDFL) (*United States v. Marabilis Ventures, Inc.*, Case No. 6:08-CR-231-ORL-28KRS) (MDFL) (*United States v. Hoth Holdings, Inc.*, Case No. 6:08-CR-231-ORL-28KRS) (MDFL)
- Hearing Exhibit 10 (Forfeiture Money Judgment in *United States v. AEM, Inc. et al.* (*United States v. AEM, Inc., d/b/a Mirablilis HR, Hoth Holdings, LLC and Marabilis Ventures, Inc.*, Case No. 6:08-CR-231-ORL-28KRS) (MDFL))

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on all appropriate parties through that system.

/s/Carsten M. Reichel
CARSTEN M. REICHEL